# IN THE UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CIVIL ACTION NO.**_____ |
| | * | |
| | * | |
| **VS.** | * | **JUDGE** _____ |
| | * | |
| **GEORGE MAX EVANS (SR.)** | * | |
| **(SSN: XXX-XX-2274) AND DONNA** | * | |
| **REYNOLDS EVANS (SSN: XXX-XX-** | * | |
| **9267)** | * | **MAGISTRATE JUDGE**_____ |

## COMPLAINT

The United States of America ("Plaintiff") for the Farmers Home Administration

("FmHA") now known as Farm Service Agency (FSA) of the United States Department of

Agriculture, through <u>William D. O'Regan III</u> as Attorney for the United States of America, for its

cause of action alleges:

1.

Jurisdiction in this action is predicated on 28 U.S.C. §1345.

2.

Plaintiff is the holder in due course and owner of those certain promissory notes ("Notes")

made payable to the order of FSA by Defendants described as follows:

| LOAN TYPE | DATE OF NOTE | AMOUNT | INTEREST RATE |
|---|---|---|---|
| OL (44-26) | 05-12-2011 | $162,133.21 | 2.50% |
| Resch | 08-09-2010 | $159,200.00 | 2.50% |
| OL (44-27) | 05-12-2011 | $132,737.87 | 2.50% |
| Resch | 08-08-2010 | $130,275.14 | 2.50% |
| Resch | 09-02-2009 | $138,500.00 | 3.00% |

Copies of each Note are attached as **Exhibits #1** in globo.

3.

In order to secure their payment of the Notes, Defendants executed in authentic form those acts of mortgage ("Mortgages") covering the property more fully described therein dated and filed for record in the mortgage records of Catahoula Parish, Louisiana, as follows:

| DATE | TYPE MORTGAGE | AMOUNT | RECORDING INFO |
|------|---------------|--------|----------------|
| 09-02-2009 | Real Estate/Catahoula | $138,500.00 | #267421 MOB 256 pg. 484 |
| 08-09-2010 | Real Estate/Catahoula | $373,207.61 | #269331 MOB 262 pg. 214 |
| 05-12-2011 | Extension of RE Mortgage | | #270921 MOB 266 pg. 809 |
| 05-12-2011 | Real Estate/Catahoula | $380,977.88 | #270922 MOB 266 pg. 812 |

Copies of each Mortgage are attached as **Exhibit #2** in globo.

A Partial Release attached as **Exhibit #3** of 2.556 acres was completed on November 24, 2008.

4.

Defendants are no longer farming and are in default on payment due under the Notes, the entire balance is now due and payable as a result of acceleration of maturity of the unpaid principal and interest by Plaintiff or by virtue of the terms for payment of the Notes, and all conditions precedent to the commencement of this action have been satisfied.

5.

There have also been certain costs advanced to the defendants to protect the security property as follows:

| | PRINCIPAL | UNPAID INTEREST | DAILY ACCRUAL |
|------|-----------|-----------------|---------------|
| 44-98 Appraisals | $  800.00 | $27.56 | $.0548 |
| 44-99 Title Opinion | $2,350.00 | $82.41 | $.16 |

6.

There is presently due and outstanding under the Notes and advanced unpaid principal and interest accrued to July 31, 2018, in the following amounts:

UNPAID PRINCIPAL          UNPAID INTEREST

$295,784.31                      $29,685.50

**WHEREFORE, PLAINTIFF PRAYS** for judgment in its favor against Defendants, jointly and severally, **in rem** only and not in personam, for the amounts due and owing Plaintiff as set forth in Paragraph 6 above, plus additional interest to which Plaintiff may be entitled and all costs of this action;

**PLAINTIFF FURTHER PRAYS** that the Mortgages be recognized and maintained upon the property subject to the Mortgages, and that said property be sold, **without appraisal** and according to law, at public auction to the highest bidder, and that out of the proceeds of said sale the Plaintiff be paid in preference and priority to all other persons whosoever the amount of its claim in accordance with the terms of the Mortgages, and that the amount realized from said sale be credited **pro tanto** upon the amount of the judgment herein; and

**PLAINTIFF FURTHER PRAYS** for all order and decrees necessary in the premises, and for all general and equitable relief to which it may be entitled.

RESPECTFULLY SUBMITTED,

UNITED STATES OF AMERICA


BY:     /s/ William D. O'Regan III
         William D. O'Regan III
         1107 Main Street
         Laplace, LA   70068
         Bar Roll Number:      10231

3

JS 44   (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| United States of America | George Max Evans (Sr.) (SSN: XXX-XX-2274) and Donna Reynolds Evans (SSN: XXX-XX-9267) |

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant ___Catahoula Parish___
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1   U.S. Government
Plaintiff

☐ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government
Defendant

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 864 SSID Title XVI | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | ☐ 893 Environmental Matters |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☒ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
Another District
*(specify)*

☐ 6 Multidistrict
Litigation -
Transfer

☐ 8 Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
USC 28:1345fc

Brief description of cause:
Foreclosure

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $
295,784.31

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____         DOCKET NUMBER _____

DATE
9-26-2018

SIGNATURE OF ATTORNEY OF RECORD
*William D. O'Regan*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

This form is available electronically.

Form Approved - OMB No. 0560-0237
(See Page 3 for Privacy Act and Public Burden Statements.)

**FSA-2026**
(09-07-10)

**U.S. DEPARTMENT OF AGRICULTURE**
Farm Service Agency

Position 2

## PROMISSORY NOTE

| 1. Name GEORGE MAX EVANS DONNA REYNOLDS EVANS | | 2. State LOUISIANA | 3. County CATAHOULA |
|---|---|---|---|
| 4. Case Number 22-13-435172274 | 5. Fund Code 44 | 6. Loan Number *26* | 7. Date MAY 12, 2011 |
| 8. TYPE OF ASSISTANCE OL- 15YR SDA | | | |

**9. ACTION REQUIRING PROMISSORY NOTE:**

☐ Initial loan    ☐ Conservation easement    ☐ Deferred payments

☐ Consolidation    ☒ Rescheduling    ☐ Debt write down

☐ Subsequent loan    ☐ Reamortization

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America Department of Agriculture, acting through the Farm Service Agency (Government), or its assigns, at its office in *(a)*   JONESVILLE, LA   or at such other place as the Government may later designate in writing, the principal sum of *(b)*   ONE HUNDRED SIXTY TWO THOUSAND ONE HUNDRED THIRTY THREE AND 21/100------------------------ dollars *(c)* ($  162,133.21   , plus interest on the unpaid principal balance at the **RATE** of *(d)*   TWO AND ONE HALF   percent *(e)*   2.5   %) per annum.  If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address.  The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)*   SIXTEEN   installments as indicated  below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 13,095.00 | 01/01/2012 | $ 13,095.00 | 01/01/13 |
| $ | | $ | |
| $ | | $ | |
| $ | | $ | |

and *(d)* $  13,095.00   thereafter on the *(e)* 1ST   of each *(f)* YEAR   until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)*   FIFTEEN   years from the date of this note, and except that prepayments may be made as provided below.  The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government.  Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government.  Interest shall accrue on the amount of each advance from the actual date disbursed.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD).  To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC  20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay).  USDA is an equal opportunity provider and employer.

Initial _GME_  Date _5-12-11_
_GME_

Exhibit 1  in globo

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a) FUND CODE/ LOAN NO. | (b) FACE AMOUNT | (c) INTEREST RATE | (d) DATE (MM-DD-YYYY) | (e) ORIGINAL BORROWER | (f) LAST INSTALL. DUE (MM-DD-YYYY) |
|---|---|---|---|---|---|
| 44-20 | $  159,200.00 | 2.5  % | 08-09-2010 | GEORGE MAX EVANS DONNA REYNOLDS EVANS | 01/01/2011 |
|  | $ |  % |  |  |  |
|  | $ |  % |  |  |  |
|  | $ |  % |  |  |  |
|  | $ |  % |  |  |  |
|  | $ |  % |  |  |  |
|  | $ |  % |  |  |  |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan or a Conservation Loan.

Initial _GME_  _DKE_  Date _5-12-11_

FSA-2026 (09-07-10)

Page 3 of 3

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.

GEORGE MAX EVANS (BORROWER)

DONNA REYNOLDS EVANS (CO-BORROWER)

408 MEYERS BEND RD.
JONESVILLE, LA 71343

NOTE: The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.

Form Approved - OMB No. 0560-0237
(See Page 3 for Privacy Act and Public Burden Statements.)

This form is available electronically.

| FSA-2026 | U.S. DEPARTMENT OF AGRICULTURE | Position 2 |
|---|---|---|
| (04-08-10) | Farm Service Agency | |

## PROMISSORY NOTE

| 1. Name<br>GEORGE MAX EVANS<br>DONNA REYNOLDS EVANS | 2. State<br>LOUISIANA | 3. County<br>CATAHOULA |
|---|---|---|
| 4. Case Number<br>22-13-435172274 | 5. Fund Code<br>44 | 6. Loan Number<br>20 | 7. Date<br>August 9, 2010 |

| 8. TYPE OF ASSISTANCE<br>OL-7yr SDA | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|

*Rescheduled 44-26 ✱*

9. ACTION REQUIRING PROMISSORY NOTE:

☐ Initial loan          ☐ Conservation easement          ☐ Deferred payments

☐ Consolidation      ☐ Rescheduling                      ☐ Debt write down

☒ Subsequent loan  ☐ Reamortization

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America Department of Agriculture, acting through the Farm Service Agency (Government), or its assigns, at its office in *(a)* JONESVILLE, LOUISIANA or at such other place as the Government may later designate in writing, the principal sum of *(b)* ONE HUNDRED FIFTY NINE THOUSAND TWO HUNDRED AND NO/100-------- dollars *(c)* ($ 159,200.00 ), plus interest on the unpaid principal balance at the **RATE** of *(d)* TWO AND ONE HALF percent *(e)* 2.50 %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)* EIGHT installments as indicated below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 25,074.00 | 01/01/2011 | $ 25,074.00 | 01/01/2012 |
| $ 25,074.00 | 01/01/2013 | $ 25,074.00 | 01/01/2014 |
| $ 25,074.00 | 01/01/2015 | $ 25,074.00 | 01/01/2016 |
| $ 25,074.00 | 01/01/2017 | $ | |

and *(d)* $ NA thereafter on the *(e)* 1st of each *(f)* year until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)* SEVEN years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.)  Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD).  To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC  20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay).  USDA is an equal opportunity provider and employer.

Initial *GME*  Date *8-9-10*
*DRE*   *8-9-...*

FSA-2026 (04-08-10)

13.  Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14.  Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15.  Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower.  Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16.  Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government.  Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17.  If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a) FUND CODE/ LOAN NO. | (b) FACE AMOUNT | (c) INTEREST RATE | (d) DATE (MM-DD-YYYY) | (e) ORIGINAL BORROWER | (f) LAST INSTALL. DUE (MM-DD-YYYY) |
|---|---|---|---|---|---|
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18.  Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization.  These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19.  If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock.  The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan.

Initial _GME_    Date _8-5-10_
_PLE_            _8-9-_

FSA-2026 (04-08-10)                                                                                      Page 3 of 3

20.  The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21.  Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note.  Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22.  This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8.  This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23.  Presentment, protest, and notice are waived.

GEORGE MAX EVANS

DONNA REYNOLDS EVANS

408 Meyers Rd.
JONESVILLE, LA  71343

NOTE:   The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended).  The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.).  The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees.  The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower.  Providing the requested information is voluntary.  However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees.  The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number.  The valid OMB control number for this information collection is 0560-0237.  The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.

This form is available electronically.

Form Approved - OMB No. 0560-0237
(See Page 3 for Privacy Act and Public Burden Statements.)

**FSA-2026**
(09-07-10)

**U.S. DEPARTMENT OF AGRICULTURE**
Farm Service Agency

Position 2

## PROMISSORY NOTE

| 1. Name<br>GEORGE MAX EVANS<br>DONNA REYNOLDS EVANS | 2. State<br>LOUISIANA | 3. County<br>CATAHOULA |
|---|---|---|
| 4. Case Number<br>22-13-435172274 | 5. Fund Code<br>44 | 6. Loan Number<br>27 | 7. Date<br>MAY 12, 2011 |

| 8. TYPE OF ASSISTANCE<br>OL- 15YR SDA | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|

9. ACTION REQUIRING PROMISSORY NOTE:

- [ ] Initial loan
- [ ] Conservation easement
- [ ] Deferred payments
- [ ] Consolidation
- [x] Rescheduling
- [ ] Debt write down
- [ ] Subsequent loan
- [ ] Reamortization

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America Department of Agriculture, acting through the Farm Service Agency (Government), or its assigns, at its office in *(a)* JONESVILLE, LA or at such other place as the Government may later designate in writing, the principal sum of *(b)* ONE HUNDRED THIRTY TWO THOUSAND SEVEN HUNDRED THIRTY SEVEN AND 87/100------------------------ dollars *(c)* ($ 132,737.87 , plus interest on the unpaid principal balance at the **RATE** of *(d)* TWO AND ONE HALF percent *(e)* 2.5 %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)* SIXTEEN installments as indicated below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 10,721.00 | 01/01/2012 | $ 10,721.00 | 01/01/13 |
| $ | | $ | |
| $ | | $ | |
| $ | | $ | |

and *(d)* $ 10,721.00 thereafter on the *(e)* 1ST of each *(f)* YEAR until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)* FIFTEEN years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.

Initial GEE   Date 5-12-11
GME

FSA-2026 (09-07-10)                                                                                    Page 2 of 3

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government.  Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a) FUND CODE/ LOAN NO. | (b) FACE AMOUNT | (c) INTEREST RATE | (d) DATE (MM-DD-YYYY) | (e) ORIGINAL BORROWER | (f) LAST INSTALL. DUE (MM-DD-YYYY) |
|---|---|---|---|---|---|
| 44-23 | $   130,274.14 | 2.5    % | 08-09-2010 | GEORGE MAX EVANS DONNA REYNOLDS EVANS | 01/01/2011 |
|  | $ |      % |  |  |  |
|  | $ |      % |  |  |  |
|  | $ |      % |  |  |  |
|  | $ |      % |  |  |  |
|  | $ |      % |  |  |  |
|  | $ |      % |  |  |  |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization.  These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock.  The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan or a Conservation Loan.

GME

Initial   QRE        Date   5-12-11

FSA-2026 (09-07-10)                                                                    Page 3 of 3

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.

_____
GEORGE MAX EVANS    (BORROWER)

_____
DONNA REYNOLDS EVANS (CO-BORROWER)


408 MEYERS BEND RD.
JONESVILLE, LA  71343

NOTE:    The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.

This form is available electronically.

Form Approved - OMB No. 0560-0237
(See Page 3 for Privacy Act and Public Burden Statements.)

| FSA-2026 (04-08-10) | U.S. DEPARTMENT OF AGRICULTURE Farm Service Agency | Position 2 |

## PROMISSORY NOTE

| 1. Name GEORGE MAX EVANS DONNA REYNOLDS EVANS | 2. State LOUISIANA | 3. County CATAHOULA |
| 4. Case Number 22-13-435172274 | 5. Fund Code 44 | 6. Loan Number 23 | 7. Date August 8, 2010 |

| 8. TYPE OF ASSISTANCE OL-7yr SDA | 9. ACTION REQUIRING PROMISSORY NOTE: |

Rescheduled 44/27 #

9. ACTION REQUIRING PROMISSORY NOTE:

- [ ] Initial loan
- [ ] Conservation easement
- [ ] Deferred payments
- [ ] Consolidation
- [x] Rescheduling
- [ ] Debt write down
- [ ] Subsequent loan
- [ ] Reamortization

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America Department of Agriculture, acting through the Farm Service Agency (Government), or its assigns, at its office in *(a)*   JONESVILLE, LOUISIANA                         or at such other place as the Government may later designate in writing, the principal sum of *(b)*   ONE HUNDRED THIRTY THOUSAND TWO HUNDRED SEVENTY FIVE AND .14/100----------  dollars *(c)* ($  130,275.14                           , plus interest on the unpaid principal balance at the **RATE** of *(d)*   TWO AND ONE HALF

percent *(e)*   2.50          %) per annum.  If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address.  The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)*  SIXTEEN              installments as indicated below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 10,522.00 | 01/01/2011 | $ 10,522.00 | 01/01/2012 |
| $ 10,522.00 | 01/01/2013 | $ 10,522.00 | 01/01/2014 |
| $ 10,522.00 | 01/01/2015 | $ 10,522.00 | 01/01/2016 |
| $ 10,522.00 | 01/01/2017 | $ 10,522.00 | 01/01/2018 |

and *(d)* $  10,522.00     thereafter on the *(e)*  1st        of each *(f)* year            until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)*    FIFTEEN          years from the date of this note, and except that prepayments may be made as provided below.  The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government.  Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government.  Interest shall accrue on the amount of each advance from the actual date disbursed.

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD).  To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC  20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay).  USDA is an equal opportunity provider and employer.*

Initial  GME          Date  8-9-10
         DRE                8-9-r

FSA-2026 (04-08-10)

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a) FUND CODE/ LOAN NO. | (b) FACE AMOUNT | (c) INTEREST RATE | (d) DATE (MM-DD-YYYY) | (e) ORIGINAL BORROWER | (f) LAST INSTALL. DUE (MM-DD-YYYY) |
|---|---|---|---|---|---|
| 44-18 | $ 138,500.00 | 3.0 % | 09/02/2009 | George Max Evans donna Reynolds Evans | 01/01/2010 |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan.

Initial _GME_    Date _8-9-10_
_DRE_           _8-9-10_

FSA-2026 (04-08-10)

20.  The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21.  Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note.  Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22.  This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8.  This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23.  Presentment, protest, and notice are waived.

GEORGE MAX EVANS

DONNA REYNOLDS EVANS

408 Meyers Rd.
JONESVILLE, LA  71343

NOTE:  The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended).  The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.).  The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees.  The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower.  Providing the requested information is voluntary.  However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees.  The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number.  The valid OMB control number for this information collection is 0560-0237.  The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.

Form Approved - OMB No. 0560-0237

This form is available electronically.  *(See Page 4 for Privacy Act and Public Burden Statements.)*

| **FSA-2026** (12-31-07) | **U.S. DEPARTMENT OF AGRICULTURE** Farm Service Agency | Position 2 |

# PROMISSORY NOTE

*Rescheduled*

| 1. Name GEORGE MAX EVANS DONNA REYNOLDS EVANS | 2. State LOUISIANA | 3. County CATAHOULA |
|---|---|---|

| 4. Case Number 22-13-435172274 | 5. Fund Code 44 | 6. Loan Number 18 | 7. Date September 2, 2009 |
|---|---|---|---|

| 8. TYPE OF ASSISTANCE OL-7yr SDA | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|

**9. ACTION REQUIRING PROMISSORY NOTE:**

- ☐ Initial loan
- ☐ Conservation easement
- ☐ Deferred payments
- ☑ Subsequent loan
- ☐ Rescheduling
- ☐ Debt write down
- ☐ Consolidation
- ☐ Reamortization

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America Department of Agriculture, acting through the Farm Service Agency (Government), or its assigns, at its office in *(a)* JONESVILLE, LOUISIANA                or at such other place as the Government may later

designate in writing, the principal sum of *(b)* ONE HUNDRED THIRTY EIGHT THOUSAND AND

NO/100------------------------------------ dollars *(c)* ($ 138,500.00                , plus interest on

the unpaid principal balance at the RATE of *(d)* THREE

percent *(e)*        3.0        % per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)*        EIGHT        installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 22,231.00 | 01/01/2010 | $ 22,231.00 | 01/01/2011 |
| $ 22,231.00 | 01/01/2012 | $ 22,231.00 | 01/01/2013 |
| $ 22,231.00 | 01/01/2014 | $ 22,231.00 | 01/01/2015 |
| $ 22,231.00 | 01/01/2016 | $ | |

and *(d)* $ 0.00                thereafter on the *(e)* NA                of each *(f)* year        until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)* SEVEN                years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed. Borrower authorizes FSA to enter the amounts and dates of such advances in the Record of Advances.

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Director, Office of Civil Rights, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, or call (800) 795-3272 (voice) or (202) 720-6382 (TDD). USDA is an equal opportunity provider and employer.*

Initial GE DR        Date 9-2-09 / 9-2-09

FSA-2026 (12-31-07)                                                                                          Page 2 of 4

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower.  Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a)<br>FUND CODE/<br>LOAN NO. | (b)<br>FACE AMOUNT | (c)<br>INTEREST<br>RATE | (d)<br>DATE<br>*(include year)* | (e)<br>ORIGINAL BORROWER | (f)<br>LAST INSTALL. DUE<br>*(include year)* |
|---|---|---|---|---|---|
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization.  These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock.  The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan.

Initial           Date 9-2-09

9-2-09

FSA-2026 (12-31-07)

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute **DEFAULT** under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.

GEORGE MAX EVANS

DONNA REYNOLDS EVANS

FSA-2026 (12-31-07)

## 24. RECORD OF ADVANCES

| A. AMOUNT | B. DATE | A. AMOUNT | B DATE | A. AMOUNT | B. DATE |
|---|---|---|---|---|---|
| (1) $  138,500.00 | | (8)  $ | | (15) $ | |
| (2) $ | | (9)  $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | C.  TOTAL: | $ | |

NOTE: *The following statements are made in accordance with the Privacy Act of 1974 (5 USC 552a): the Farm Service Agency (FSA) is authorized by the Consolidated Farm and Rural Development Act, as amended (7 USC 1921 et seq.), or other Acts, and the regulations promulgated thereunder, to solicit the information requested on its application forms.  The information requested is necessary for FSA to determine eligibility for credit or other financial assistance, service your loan, and conduct statistical analyses.  Supplied information may be furnished to other Department of Agriculture agencies, the Internal Revenue Service, The Department of Justice or other law enforcement agencies, the Department of Defense, the Department of Housing and Urban Development, the Department of Labor, the United States Postal Service, or other Federal, State, or local agencies as required or permitted by law.  In addition, information may be referred to interested parties under the Freedom of Information Act (FOIA), to financial consultants, advisors, lending institutions, packagers, agents, and private or commercial credit sources, to collection or servicing contractors, to credit reporting agencies, to private attorneys under contract with FSA or the Department of Justice, to business firms in the trade area that buy chattel or crops or sell them for commission, to Members of Congress or Congressional staff members, or to courts or adjudicative bodies.  Disclosure of the information requested is voluntary. However, failure to disclose certain items of information requested, including your Social Security Number or Federal Tax identification Number, may result in a delay in the processing of an application or its rejection.*

*According to the Paperwork Reduction to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number.  The valid OMB control number for this information collection is 0560-0237.  The time required to complete this information collection is estimated  to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.*

Initial _GC_         Date _9-2-09_

_PE_          _9-2-09_

FSA-1927-1 LA
(09-21-05)

Position 5
UNITED STATES DEPARTMENT OF AGRICULTURE
Farm Service Agency

# MORTGAGE FOR LOUISIANA

THIS MORTGAGE ("instrument") is made on __September 2__ , 20 _09_ . The mortgagor is _George Max Evans and_
_Donna Teynolds Evans_
("Borrower") whose mailing address is _408 Meyers Rd., Jonesville, La 71343_
. This instrument is given to the United States of America acting
through the Farm Service Agency, United States Department of Agriculture ("Government") located at _3545 Fourth Street,_
_Jonesville, LA 71343_ .

This instrument secures the following promissory notes, assumption agreements, and/or shared appreciation agreements (collectively called "note"), which have been executed or assumed by the Borrower unless otherwise noted, are payable to the Government, and authorize acceleration of the entire debt upon any default:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| September 2, 2009 | $138,500.00 | 3.0 | September 2, 2016 |

(The interest rate for any limited resource farm ownership or limited resource operating loans secured by this instrument may be increased as provided in Government regulations and the note.)

By execution of this instrument, Borrower acknowledges receipt of all of the proceeds of the loan or loans evidenced by the above note.

This instrument secures to the Government: (1) payment of the note and all extensions, renewals, and modifications thereof; (2) recapture of any amount due under any Shared Appreciation Agreement entered into pursuant to 7 U.S.C. § 2001; (3) payment of all advances and expenditures, with interest, made by the Government; and (4) the obligations and covenants of Borrower set forth in this instrument, the note, and any other loan agreements.

In consideration of any loan made by the Government under the Consolidated Farm and Rural Development Act, 7 U.S.C. § 1921 et seq. as evidenced by the note, Borrower irrevocably mortgages, grants, conveys and assigns to Government the following described property situated in the State of Louisiana County or Counties of _Catahoula_ :

See attached Exhibit A for legal description.

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, fixtures, hereditaments, appurtenances, and improvements now or later attached thereto, the rents, issues and profits thereof, revenues and income therefrom, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, or condemnation of any part thereof or interest therein (collectively called "the property"). This instrument constitutes a security agreement and financing statement under the Uniform Commercial Code and creates a security interest in all items which may be deemed to be personal property, including but not limited to proceeds and accessions, that are now or hereafter included in, affixed, or attached to "the property."

Borrower COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the property and that the property is unencumbered, except for encumbrances of record. Borrower warrants and will defend the title to the property against all claims and demands, subject to any encumbrances of record.

This instrument combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform mortgage covering real property.

Initial _GE_ date _9-2-09_
_PE_ _9-2-09_

FSA-1927-1 LA (09-21-05) *Page 1 of 4*

*Exhibit 2 in globo*

Exhibit A

That certain 10.0 acre tract or parcel of land lying and being situated entirely in Section 23, Township 9 North, Range 6 East, Louisiana Meridian, District North of Red River, Catahoula Parish, Louisiana, more particularly described as follows:

Beginning at a point on the South line of properties owned now or formerly by Lilly F. Smith, said tract lying East of Louisiana Highway 124 and entirely in said Section 23, which point is 90 feet right of centerline station 140+55.31 on SPN 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, FAP Br-581-1(007), Bushley Bayou Bridge and approaches and on a point on a curve having the following R/W curve data: chord definition equals North 3 degrees, 47 minutes, 50 seconds West, 246.48 feet; radius equals 2864.79 feet; arc equals 246.56 feet, run North along said arc, a distance of 246.56 feet to a point which is 90 feet right of centerline station 143+00.00; thence run North 2 degrees, 42 minutes, 21 seconds East, a distance of 96.90 feet to a point which is 95 feet right of centerline station 144+00.00; thence run along a curve having a chord definition of North 3 degrees, 29 minutes, 04 seconds East, a distance of 164.53 feet to a 3/4" iron pipe set in place; thence run North 89 degrees, 54 minutes, 44 seconds East, a distance of 855.10 feet to a 3/4" iron pipe set in place; thence run South 00 degrees, 16 minutes, 16 seconds West, a distance of 507.02 feet to a 3/4" iron pipe set in place; thence run South 89 degrees, 54 minutes, 44 seconds West, a distance of 850.00 feet to the POINT OF BEGINNING.

Together with all buildings and improvements situated thereon, all rights, ways and privileges thereunto belonging.

This property is (is not) the family home.

RD 1927-1 LA (Rev. 11-99) Page 2 of 4

UNIFORM COVENANTS.  Borrower COVENANTS AND AGREES as follows:

1.  **Payment**.  Borrower shall pay promptly when due any indebtedness to the Government secured by this instrument.
2.  **Fees**.  Borrower shall pay to the Government such fees and other charges that may now or later be required by Government regulations.
3.  **Application of payments**.  Unless applicable law or Government's regulations provide otherwise all payments received by the Government shall be applied in the following order of priority:  (a) to advances made under this instrument; (b) to accrued interest due under the note; (c) to principal due under the note; (d) to late charges and other fees and charges.
4.  **Taxes, liens, etc.**  Borrower shall pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property and promptly deliver to the Government without demand receipts evidencing such payments.
5.  **Assignment**.  Borrower grants and assigns as additional security all the right, title and interest in: (a) the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or taking by eminent domain or otherwise of any part of the property, or for conveyance in lieu of condemnation; (b) all bonuses, rentals, royalties, damages, delay rentals and income that may be due or become due and payable to the Borrower or Borrower's assigns under any existing or future oil, gas, mining or mineral lease covering any portion of the property; and (c) all rents, issues, profits, income and receipts from the property and from all existing or future leases, subleases, licenses, guaranties and any other agreements for the use and occupancy of any portion of the property, including any extensions, renewals, modifications or substitutions of such agreements.  Borrower warrants the validity and enforceability of this assignment.

Borrower authorizes and directs payment of such money to the Government until the debt secured by this instrument is paid in full.  Such money may, at the option of the Government, be applied on the debt whether due or not.  The Government shall not be obligated to collect such money, but shall be responsible only for amounts received by the Government.  In the event any item so assigned is determined to be personal property, this instrument will also be regarded as a security agreement.

Borrower will promptly provide the Government with copies of all existing and future leases.  Borrower warrants that as of the date of executing this instrument no default exists under existing leases.  Borrower agrees to maintain, and to require the tenants to comply with, the leases and any applicable law.  Borrower will obtain the Government's written authorization before Borrower consents to sublet, modify, cancel, or otherwise alter the leases, or to assign, compromise, or encumber the leases or any future rents.  Borrower will hold the Government harmless and indemnify the Government for any and all liability, loss or damage that the Government may incur as a consequence of this assignment.

6.  **Insurance**.  Borrower shall keep the property insured as required by and under insurance policies approved by the Government and, at its request, deliver such policies to the Government.  If property is located in a designated flood hazard area, Borrower also shall keep property insured as required by 42 U.S.C. § 4001 et seq. and Government regulations.  All insurance policies and renewals shall include a standard mortgagee clause.
7.  **Advances by Government**.  The Government may at any time pay any other amounts required by this instrument to be paid by Borrower and not paid by Borrower when due, as well as any cost for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower.  Advances shall include, but not be limited to, advances for payments of real property taxes, special assessments, prior liens, hazard insurance premiums, and costs of repair, maintenance, and improvements.  All such advances shall bear interest at the same rate as the note which has the highest interest rate.  All such advances, with interest, shall be immediately due and payable by Borrower to the Government without demand.  No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay.  Any payment made by Borrower may be applied on the note or any secured debt to the Government, in any order the Government determines.
8.  **Protection of lien**.  Borrower shall pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and its priority and the enforcement of or compliance with this instrument and the note.  Such expenses include, but are not limited to: costs of evidence of title to, and survey of, the property, costs of recording this and other instruments; attorneys' fees, trustees' fees; court costs, and expenses of advertising, selling, and conveying the property.
9.  **Authorized purposes**.  Borrower shall use the loan evidenced by the note solely for purposes authorized by the Government.
10.  **Repair and operation of property**.  Borrower shall: (a) maintain improvements in good repair; (b) make repairs required by the Government; (c) comply with all farm conservation practices and farm management plans required by the Government; and (d) operate the property in a good and husbandlike manner.  Borrower shall not (e) abandon the property; (f) cause or permit waste, lessening or impairment of the property; or (g) cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals without the written consent of the Government, except as necessary for ordinary domestic purposes.
11.  **Legal compliance**.  Borrower shall comply with all laws, ordinances, and regulations affecting the property.
12.  **Transfer or encumbrance of property**.  Except as provided by Government regulations, the Borrower shall not lease, assign, sell, transfer, or encumber, voluntarily or otherwise, any of the property without the written consent of the Government.  The Government may grant consents, partial releases, subordinations, and satisfactions in accordance with Government regulations.
13.  **Inspection**.  At all reasonable times the Government may inspect the property to ascertain whether the covenants and agreements contained in this instrument are being performed.
14.  **Hazardous substances**.  Borrower shall not cause or permit the presence, use, disposal, storage, or release of any hazardous substances on or in the property.  The preceding sentence shall not apply to the presence, use, or storage on the property of small quantities of hazardous substances that are generally recognized to be appropriate to normal use and maintenance of the property.  Borrower covenants that Borrower has made full disclosure of any such known, existing hazardous conditions affecting the property.  Borrower shall not do, nor allow anyone else to do, anything affecting the property that is in violation of any federal, state, or local environmental law or regulation.  Borrower shall promptly give the Government written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the property and any hazardous substance or environmental law or regulation of which Borrower has actual knowledge.  If Borrower

Initial _GE_  date _9-2-09_

_PE    9-2-09_

learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any hazardous substance affecting the property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with applicable environmental law and regulations. As used in this paragraph, "hazardous substances" are those substances defined as toxic or hazardous substances by environmental law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials.  As used in this paragraph, "environmental law" means Federal laws and regulations and laws and regulations of the jurisdiction where the property is located that relate to health, safety or environmental protection.

15.  **Adjustment; release; waiver; forbearance.**  In accordance with Government regulations, the Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on the note, (d) release any party who is liable under the note from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all of this can and will be done without affecting the lien or the priority of this instrument or Borrower's liability to the Government for payment of the note secured by this instrument unless the Government provides otherwise in writing. HOWEVER, any forbearance by the Government - whether once or often - in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

16.  **Graduation.**  If the Government determines that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such a loan in sufficient amount to pay the note secured by this instrument and to pay for stock necessary to be purchased in a cooperative lending agency in connection with such loan.

17.  **Forfeiture.**  Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in the Government's good faith judgment could result in forfeiture of the property or otherwise materially impair the lien created by this instrument or the Government's security interest. Borrower may cure such default by causing the action or proceeding to be dismissed with a ruling that precludes forfeiture of the Borrower's interest in the property or other material impairment of the lien created by this security instrument or the Government's security interest.

18.  **False statement.**  Borrower also shall be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to the Government (or failed to provide the Government with any material information) in connection with the loan evidenced by the note.

19.  **Cross Collateralization.**  Default under this instrument shall constitute default under any other security instrument held by the Government and executed or assumed by Borrower.  Default under any other such security instrument shall constitute default under this instrument.

20.  **Highly erodible land; wetlands.**  Any loan secured by this instrument will be in default if Borrower uses any loan proceeds for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 C.F.R. part 1940, subpart G, or any successor Government regulation.

21.  **Non-discrimination.**  If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, disability, familial status or age, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, disability, familial status or age.

22.  **Notices.**  Notices given under this instrument shall be sent by certified mail unless otherwise required by law.  Such notices shall be addressed, unless and until some other address is designated in a notice, in the case of the Government to the State Executive Director of the Farm Service Agency at the mailing address shown above, and in the case of Borrower at the address shown in the Government's Finance Office records (which normally will be the same as the mailing address shown above).

23.  **Governing law; severability.**  This instrument shall be governed by Federal law.  If any provision of this instrument or the note or its application to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of this instrument or the note which can be given effect without the invalid provision or application.  The provisions of this instrument are severable.  This instrument shall be subject to the present regulations of the Government, and to its future regulations not inconsistent with the express provisions hereof.  All powers and agencies granted in this instrument are coupled with an interest and are irrevocable by death or otherwise; and the rights and remedies provided in this instrument are cumulative to remedies provided by law.

24.  **Successors and assigns; joint and several covenants.**  The covenants and agreements of this instrument shall bind and benefit the successors and assigns of Government and Borrower.  Borrower's covenants and agreements shall be joint and several.  Any Borrower who co-signs this instrument but does not execute the Note: (a) is co-signing this instrument only to mortgage, grant and convey that Borrower's interest in the property under this instrument; (b) is not personally obligated to pay the sums secured by this instrument; and (c) agrees that the Government and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this instrument or the note without that Borrower's consent.

25.  **No merger.**  If this instrument is on a leasehold, Borrower shall comply with all the provisions of the lease.  If Borrower acquires fee title to the property, the leasehold and the fee title shall not merge unless the Government agrees to the merger in writing.  If the property is conveyed to the Government, title shall not merge (unless the Government elects otherwise) and the lien provided under this instrument shall not be affected by such conveyance.

26.  **Time is of the essence.**  Time is of the essence in the Borrower's performance of all duties and obligations under this instrument.

Initial GE   date 9-2-09

PE   9-2-09

FSA-1927-1 LA (09-21-05) *Page 3 of 4*

**NON-UNIFORM COVENANTS.** Borrower further COVENANTS AND AGREES as follows:

27. **Default; death; incompetence; bankruptcy.** Should default occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the Borrower die or be declared incompetent, or should the Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any debt to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of, and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument and sell the property as prescribed by law; and (e) enforce any and all other rights and remedies provided herein or by present or future law.

28. **State law.** Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of any action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws.

29. **Assignment of leases and rents.** Borrower agrees that the assignment of leases and rents in this instrument is immediately effective on the recording of this instrument. Upon default, the Borrower will receive any rents in trust for the Government, and Borrower will not commingle the rents with any other funds. Any amounts collected shall be applied at the Government's discretion first to costs of managing, protecting and preserving the property, and to any other necessary related expenses. Any remaining amounts shall be applied to reduce the debt evidenced by the note(s). Borrower agrees that the Government may demand that Borrower and Borrower's tenants pay all rents due or to become due directly to the Government if the Borrower defaults and the Government notifies Borrower of the default. Upon such notice, Borrower will endorse and deliver to the Government any payments of rents. If the Borrower becomes subject to a bankruptcy, then Borrower agrees that the Government is entitled to receive relief from the automatic stay in bankruptcy for the purpose of enforcing this assignment.

30. **Application of foreclosure proceeds.** The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with this instrument, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all other debt to the Government secured by this instrument, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other debt of Borrower to the Government, and (f) any balance to Borrower. If the Government is the successful bidder at foreclosure or other sale of all or any part of the property, the Government may pay its share of the purchase price by crediting such amount on any debts of Borrower owing to the Government in the order prescribed above.

By signing below, Borrower accepts and agrees to the terms and covenants contained in this instrument and in any rider executed by Borrower and recorded with this instrument.

_____
GEORGE MAX EVANS
Borrower

_____
DONNA REYNOLDS EVANS
Co-Borrower

WITNESSES:

_____
Helen McClure

_____
Ashley Spence

Initial _GE_  date _9-2-09_
       _DE_       _9-2-09_

_____
NOTARY PUBLIC

L. James White
Notary Public (09-07405)
State of Louisiana
My Commission Expires with Life

FSA-1927-1 (09-07405) *Page 4 of 4*

State of Louisiana
Parish of Catahoula
I hereby certify that this is a true copy of the 5
page original instrument filed in this office at
3:35 P M September 2, 2009
Registry No 267421 and recorded in
MOB Book No. 256 Page No. 484 and
_____ Book No. _____ Page No. _____
Given under my hand and seal this
2nd day of September 2009
Lucy P Terry
Dy Clerk & Ex-Officio Recorder

FSA-1927-1 LA
(09-21-05)

Position 5

**UNITED STATES DEPARTMENT OF AGRICULTURE**
Farm Service Agency

# MORTGAGE FOR LOUISIANA

THIS MORTGAGE ("instrument") is made on _____9th_____ , 20 _10_ . The mortgagor is  GEORGE MAX EVANS and DONNA REYNOLDS EVANS

_____ ("Borrower") whose mailing address is  408 MEYERS BEND RD., JONESVILLE, LA 71343 _____ . This instrument is given to the United States of America acting through the Farm Service Agency, United States Department of Agriculture ("Government") located at  3545 FOURTH STREET, JONESVILLE, LA  71343

This instrument secures the following promissory notes, assumption agreements, and/or shared appreciation agreements (collectively called "note"), which have been executed or assumed by the Borrower unless otherwise noted, are payable to the Government, and authorize acceleration of the entire debt upon any default:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| 08/09/2010 | 159,200.00 | 2.50 | 01/01/2017 |
| 08/09/2010 | 67,943.25 | 3.75 | 01/01/2025 |
| 08/09/2010 | 15,789.22 | 3.75 | 01/01/2025 |
| 09/09/2010 | 130,275.14 | 2.50 | 01/01/2025 |

(The interest rate for any limited resource farm ownership or limited resource operating loans secured by this instrument may be increased as provided in Government regulations and the note.)

By execution of this instrument, Borrower acknowledges receipt of all of the proceeds of the loan or loans evidenced by the above note.

This instrument secures to the Government: (1) payment of the note and all extensions, renewals, and modifications thereof; (2) recapture of any amount due under any Shared Appreciation Agreement entered into pursuant to 7 U.S.C. § 2001; (3) payment of all advances and expenditures, with interest, made by the Government; and (4) the obligations and covenants of Borrower set forth in this instrument, the note, and any other loan agreements.

In consideration of any loan made by the Government under the Consolidated Farm and Rural Development Act, 7 U.S.C. § 1921 et seq. as evidenced by the note, Borrower irrevocably mortgages, grants, conveys and assigns to Government the following described property situated in the State of Louisiana County or Counties of  CATAHOULA

See attached Exhibit A for legal description.

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, fixtures, hereditaments, appurtenances, and improvements now or later attached thereto, the rents, issues and profits thereof, revenues and income therefrom, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, or condemnation of any part thereof or interest therein (collectively called "the property"). This instrument constitutes a security agreement and financing statement under the Uniform Commercial Code and creates a security interest in all items which may be deemed to be personal property, including but not limited to proceeds and accessions, that are now or hereafter included in, affixed, or attached to "the property."

Borrower COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the property and that the property is unencumbered, except for encumbrances of record. Borrower warrants and will defend the title to the property against all claims and demands, subject to any encumbrances of record.

This instrument combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform mortgage covering real property.

Initial _GE_ date _9-9-10_
_DRE_ _8-9-10_

FSA-1927-1 LA (09-21-05) *Page 1 of 4*

Exhibit A

That certain 10.0 acre tract or parcel of land lying and being situated entirely in Section 23, Township 9 North, Range 6 East, Louisiana Meridian, District North of Red River, Catahoula Parish, Louisiana, more particularly described as follows:

Beginning at a point on the South line of properties owned now or formerly by Lilly F. Smith, said tract lying East of Louisiana Highway 124 and entirely in said Section 23, which point is 90 feet right of centerline station 140+55.31 on SPN 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, FAP Br-581-1(007), Bushley Bayou Bridge and approaches and on a point on a curve having the following R/W curve data: chord definition equals North 3 degrees, 47 minutes, 50 seconds West, 246.48 feet; radius equals 2864.79 feet; arc equals 246.56 feet, run North along said arc, a distance of 246.56 feet to a point which is 90 feet right of centerline station 143+00.00; thence run North 2 degrees, 42 minutes, 21 seconds East, a distance of 96.90 feet to a point which is 95 feet right of centerline station 144+00.00; thence run along a curve having a chord definition of North 3 degrees, 29 minutes, 04 seconds East, a distance of 164.53 feet to a 3/4" iron pipe set in place; thence run North 89 degrees, 54 minutes, 44 seconds East, a distance of 855.10 feet to a 3/4" iron pipe set in place; thence run South 00 degrees, 16 minutes, 16 seconds West, a distance of 507.02 feet to a 3/4" iron pipe set in place; thence run South 89 degrees, 54 minutes, 44 seconds West, a distance of 850.00 feet to the POINT OF BEGINNING.

Together with all buildings and improvements situated thereon, all rights, ways and privileges thereunto belonging.

This property is (is not) the family home.

**286**        RD 1927-1 LA (Rev. 11-99) Page 2 of 4

UNIFORM COVENANTS. Borrower COVENANTS AND AGREES as follows:

1. **Payment.** Borrower shall pay promptly when due any indebtedness to the Government secured by this instrument.

2. **Fees.** Borrower shall pay to the Government such fees and other charges that may now or later be required by Government regulations.

3. **Application of payments.** Unless applicable law or Government's regulations provide otherwise all payments received by the Government shall be applied in the following order of priority: (a) to advances made under this instrument; (b) to accrued interest due under the note; (c) to principal due under the note; (d) to late charges and other fees and charges.

4. **Taxes, liens, etc.** Borrower shall pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property and promptly deliver to the Government without demand receipts evidencing such payments.

5. **Assignment.** Borrower grants and assigns as additional security all the right, title and interest in: (a) the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or taking by eminent domain or otherwise of any part of the property, or for conveyance in lieu of condemnation; (b) all bonuses, rentals, royalties, damages, delay rentals and income that may be due or become due and payable to the Borrower or Borrower's assigns under any existing or future oil, gas, mining or mineral lease covering any portion of the property; and (c) all rents, issues, profits, income and receipts from the property and from all existing or future leases, subleases, licenses, guaranties and any other agreements for the use and occupancy of any portion of the property, including any extensions, renewals, modifications or substitutions of such agreements. Borrower warrants the validity and enforceability of this assignment.

Borrower authorizes and directs payment of such money to the Government until the debt secured by this instrument is paid in full. Such money may, at the option of the Government, be applied on the debt whether due or not. The Government shall not be obligated to collect such money, but shall be responsible only for amounts received by the Government. In the event any item so assigned is determined to be personal property, this instrument will also be regarded as a security agreement.

Borrower will promptly provide the Government with copies of all existing and future leases. Borrower warrants that as of the date of executing this instrument no default exists under existing leases. Borrower agrees to maintain, and to require the tenants to comply with, the leases and any applicable law. Borrower will obtain the Government's written authorization before Borrower consents to sublet, modify, cancel, or otherwise alter the leases, or to assign, compromise, or encumber the leases or any future rents. Borrower will hold the Government harmless and indemnify the Government for any and all liability, loss or damage that the Government may incur as a consequence of this assignment.

6. **Insurance.** Borrower shall keep the property insured as required by and under insurance policies approved by the Government and, at its request, deliver such policies to the Government. If property is located in a designated flood hazard area, Borrower also shall keep property insured as required by 42 U.S.C. § 4001 et seq. and Government regulations. All insurance policies and renewals shall include a standard mortgagee clause.

7. **Advances by Government.** The Government may at any time pay any other amounts required by this instrument to be paid by Borrower and not paid by Borrower when due, as well as any cost for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. Advances shall include, but not be limited to, advances for payments of real property taxes, special assessments, prior liens, hazard insurance premiums, and costs of repair, maintenance, and improvements. All such advances shall bear interest at the same rate as the note which has the highest interest rate. All such advances, with interest, shall be immediately due and payable by Borrower to the Government without demand. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any secured debt to the Government, in any order the Government determines.

8. **Protection of lien.** Borrower shall pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and its priority and the enforcement of or compliance with this instrument and the note. Such expenses include, but are not limited to: costs of evidence of title to, and survey of, the property, costs of recording this and other instruments; attorneys' fees, trustees' fees; court costs, and expenses of advertising, selling, and conveying the property.

9. **Authorized purposes.** Borrower shall use the loan evidenced by the note solely for purposes authorized by the Government.

10. **Repair and operation of property.** Borrower shall: (a) maintain improvements in good repair; (b) make repairs required by the Government; (c) comply with all farm conservation practices and farm management plans required by the Government; and (d) operate the property in a good and husbandlike manner. Borrower shall not (e) abandon the property; (f) cause or permit waste, lessening or impairment of the property; or (g) cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals without the written consent of the Government, except as necessary for ordinary domestic purposes.

11. **Legal compliance.** Borrower shall comply with all laws, ordinances, and regulations affecting the property.

12. **Transfer or encumbrance of property.** Except as provided by Government regulations, the Borrower shall not lease, assign, sell, transfer, or encumber, voluntarily or otherwise, any of the property without the written consent of the Government. The Government may grant consents, partial releases, subordinations, and satisfactions in accordance with Government regulations.

13. **Inspection.** At all reasonable times the Government may inspect the property to ascertain whether the covenants and agreements contained in this instrument are being performed.

14. **Hazardous substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any hazardous substances on or in the property. The preceding sentence shall not apply to the presence, use, or storage on the property of small quantities of hazardous substances that are generally recognized to be appropriate to normal use and maintenance of the property. Borrower covenants that Borrower has made full disclosure of any such known, existing hazardous conditions affecting the property. Borrower shall not do, nor allow anyone else to do, anything affecting the property that is in violation of any federal, state, or local environmental law or regulation. Borrower shall promptly give the Government written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the property and any hazardous substance or environmental law or regulation of which Borrower has actual knowledge. If Borrower

Initial GE   date 8-9-10
DRE       8-9-10

FSA-1927-1 LA (09-21-05) *Page 2 of 4*

learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any hazardous substance affecting the property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with applicable environmental law and regulations. As used in this paragraph, "hazardous substances" are those substances defined as toxic or hazardous substances by environmental law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "environmental law" means Federal laws and regulations and laws and regulations of the jurisdiction where the property is located that relate to health, safety or environmental protection.

15. **Adjustment; release; waiver; forbearance.** In accordance with Government regulations, the Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on the note, (d) release any party who is liable under the note from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all of this can and will be done without affecting the lien or the priority of this instrument or Borrower's liability to the Government for payment of the note secured by this instrument unless the Government provides otherwise in writing. HOWEVER, any forbearance by the Government - whether once or often - in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

16. **Graduation.** If the Government determines that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such a loan in sufficient amount to pay the note secured by this instrument and to pay for stock necessary to be purchased in a cooperative lending agency in connection with such loan.

17. **Forfeiture.** Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in the Government's good faith judgment could result in forfeiture of the property or otherwise materially impair the lien created by this instrument or the Government's security interest. Borrower may cure such default by causing the action or proceeding to be dismissed with a ruling that precludes forfeiture of the Borrower's interest in the property or other material impairment of the lien created by this security instrument or the Government's security interest.

18. **False statement.** Borrower also shall be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to the Government (or failed to provide the Government with any material information) in connection with the loan evidenced by the note.

19. **Cross Collateralization.** Default under this instrument shall constitute default under any other security instrument held by the Government and executed or assumed by Borrower. Default under any other such security instrument shall constitute default under this instrument.

20. **Highly erodible land; wetlands.** Any loan secured by this instrument will be in default if Borrower uses any loan proceeds for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 C.F.R. part 1940, subpart G, or any successor Government regulation.

21. **Non-discrimination.** If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, disability, familial status or age, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, disability, familial status or age.

22. **Notices.** Notices given under this instrument shall be sent by certified mail unless otherwise required by law. Such notices shall be addressed, unless and until some other address is designated in a notice, in the case of the Government to the State Executive Director of the Farm Service Agency at the mailing address shown above, and in the case of Borrower at the address shown in the Government's Finance Office records (which normally will be the same as the mailing address shown above).

23. **Governing law; severability.** This instrument shall be governed by Federal law. If any provision of this instrument or the note or its application to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of this instrument or the note which can be given effect without the invalid provision or application. The provisions of this instrument are severable. This instrument shall be subject to the present regulations of the Government, and to its future regulations not inconsistent with the express provisions hereof. All powers and agencies granted in this instrument are coupled with an interest and are irrevocable by death or otherwise; and the rights and remedies provided in this instrument are cumulative to remedies provided by law.

24. **Successors and assigns; joint and several covenants.** The covenants and agreements of this instrument shall bind and benefit the successors and assigns of Government and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this instrument but does not execute the Note: (a) is co-signing this instrument only to mortgage, grant and convey that Borrower's interest in the property under this instrument; (b) is not personally obligated to pay the sums secured by this instrument; and (c) agrees that the Government and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this instrument or the note without that Borrower's consent.

25. **No merger.** If this instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the property, the leasehold and the fee title shall not merge unless the Government agrees to the merger in writing. If the property is conveyed to the Government, title shall not merge (unless the Government elects otherwise) and the lien provided under this instrument shall not be affected by such conveyance.

26. **Time is of the essence.** Time is of the essence in the Borrower's performance of all duties and obligations under this instrument.

Initial GL    date 8-9-10

DRC    8-9-10

FSA-1927-1 LA (09-21-05) *Page 3 of 4*

NON-UNIFORM COVENANTS. Borrower further COVENANTS AND AGREES as follows:

27. **Default; death; incompetence; bankruptcy.** Should default occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the Borrower die or be declared incompetent, or should the Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any debt to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of, and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument and sell the property as prescribed by law; and (e) enforce any and all other rights and remedies provided herein or by present or future law.

28. **State law.** Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of any action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws.

29. **Assignment of leases and rents.** Borrower agrees that the assignment of leases and rents in this instrument is immediately effective on the recording of this instrument. Upon default, the Borrower will receive any rents in trust for the Government, and Borrower will not commingle the rents with any other funds. Any amounts collected shall be applied at the Government's discretion first to costs of managing, protecting and preserving the property, and to any other necessary related expenses. Any remaining amounts shall be applied to reduce the debt evidenced by the note(s). Borrower agrees that the Government may demand that Borrower and Borrower's tenants pay all rents due or to become due directly to the Government if the Borrower defaults and the Government notifies Borrower of the default. Upon such notice, Borrower will endorse and deliver to the Government any payments of rents. If the Borrower becomes subject to a bankruptcy, then Borrower agrees that the Government is entitled to receive relief from the automatic stay in bankruptcy for the purpose of enforcing this assignment.

30. **Application of foreclosure proceeds.** The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with this instrument, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all other debt to the Government secured by this instrument, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other debt of Borrower to the Government, and (f) any balance to Borrower. If the Government is the successful bidder at foreclosure or other sale of all or any part of the property, the Government may pay its share of the purchase price by crediting such amount on any debts of Borrower owing to the Government in the order prescribed above.

By signing below, Borrower accepts and agrees to the terms and covenants contained in this instrument and in any rider executed by Borrower and recorded with this instrument.

_GEORGE MAX EVANS_
Borrower

_DONNA REYNOLDS EVANS_
Co-Borrower

WITNESSES:

State of Louisiana
Parish of Catahoula
I hereby certify that this is a true copy of the 5 page original instrument filed in this office at
12:01 P M 8-9- 2010
Registry No. 269331 and recorded in
MOB Book No. 262 Page No. 214 and
Book No. _____ Page No. _____
Given under my hand and seal this
9th day of Aug. 2010
_____
Clerk & Ex-Officio Recorder

Initial GE date 8-9-10
DRE 8-9-10

NOTARY PUBLIC

L. James White
Notary Public No. 30705
State of Louisiana
My Commission Expires with Life.

Form RD SA-1927-1 LA (09-30-05) Page 4 of 4

**FORM FSA 1951-1 LA**
(Rev. 2-2010)

### AGREEMENT EVIDENCING EXTENSION BY
### REAMORTIZATION OR RESCHEDULING AND REQUEST FOR
### REINSCRIPTION OF REAL ESTATE MORTGAGE

THIS AGREEMENT, made between the United States of America, acting by and through the

Farm Service Agency, United States Department of Agriculture, represented herein by

Peter M. O'Neal, Farm Loan Manager, for Catahoula Parish, Louisiana, herein

called the "Government" and GEORGE MAX EVANS AND DONNA REYNOLDS EVANS
(Name of Borrower)

of 408 MEYERS BEND RD., JONESVILLE, LA  71343
(Street Address, City and Parish)

Louisiana, herein called the "Borrower";

WITNESS:

WHEREAS, the Government and Borrower have agreed to reamortize, reschedule, or otherwise extend the maturity of the promissory note(s) described below which were executed by the Borrower and are owned and held by the Government so that the Promissory Note(s) shall now be finally due and payable on the dates indentified as "the new due date."

I

Promissory Notes Extended

| DATE | AMOUNT | DUE DATE BEFORE EXTENSION | DUE DATE AFTER EXTENSION |
|------|--------|---------------------------|--------------------------|
| 8/9/2010 | $159,200.00 | 1/1/2017 | 1/1/2026 |
| 8/9/2010 | $67,943.25 | 1/1/2025 | 1/1/2026 |
| 8/9/2010 | $15,789.22 | 1/1/2025 | 1/1/2026 |
| 8/9/2010 | $130,274.14 | 1/1/2025 | 1/1/2026 |

OLE  GME

**FORM FSA 1951-1 LA**

and

      WHEREAS, the extension shall be carried out by the Borrower executing an FSA Promissory note form designated as the Rescheduled or Reamoritized note. The Rescheduled or Reamortized note shall be attached to the note extended by rescheduling or reamortization and shall be evidence of the new payment schedule.

and

*      WHEREAS, the above described notes are secured by a real estate mortgage of mortgages encumbering property owned by the borrower which real estate mortgages are subject to reinscription or extension pursuant to LSA-Civil Code Articles 3357 through 3365, as applicable. These mortgages are specifically described as follows:

II

Mortgages Securing Extended Notes

| MORTGAGE DATE | BOOK-PAGE RECORDED | NOTE DATE | NOTE AMOUNT | EXTENDED DUE DATE |
|---|---|---|---|---|
| 8/9/2010 | 262/214 | 8/9/2010 | $159,200.00 | 1/1/2026 |
| | | | $ 67,943.25 | 1/1/2026 |
| | | | $ 15,789.22 | 1/1/2026 |
| | | | $130,275.14 | 1/1/2026 |

*Strike Inapplicable

DRE GME

State of Lou       ia
Parish of Catahoula
I hereby certify that this is a true copy of the 3
page original instrument filed in this office at
4:00 P.M 5-12- 2011
Registry No 2 00901 and recorded in
MOB Book No. 2166 Page No. 801 and
Book No. Page No.
Given under my hand and seal this
10th day of May 2011

Clerk & Ex-Officio Recorder

**FORM FSA 1951-1 LA**

NOW THEREFORE, the Government and the Borrower agree that the above described Promissory Notes have been extended as described above and as further set forth in the Rescheduled or Reamortized Promissory Note executed to evidence and carry out the extension by reamortization, renewal, or extension, the terms of which are referred to and incorporated herein by reference.  The Government and the Borrower further agree that the Extension, Reamortization, Rescheduling, or Consolidation of any of the above described Promissory Notes shall not constitute a novation or the creation of a new debt but shall be merely an extension of an existing indebtedness.  The Government and Borrower further agree that this instrument shall be lodged for record pursuant to LSA-Civil Code 3357 through 3365, as applicable, to effect the extension of the real estate mortgage securing the extended Promissory Notes.

By: _____

    BORROWER

By: _____

    BORROWER

By: _____

FARM LOAN MANAGER
FARM SERVICE AGENCY
U.S. DEPARTMENT OF AGRICULTURE

WITNESSES:

_____

_____

_____

NOTARY PUBLIC # 63867

Shelli Mason

(SEAL)

My Commission Expires: upon death

FSA-1927-1 LA
(09-21-05)

Position 5
**UNITED STATES DEPARTMENT OF AGRICULTURE**
Farm Service Agency

# MORTGAGE FOR LOUISIANA

THIS MORTGAGE ("instrument") is made on _____May 12_____ , 20 _11_ . The mortgagor is   GEORGE MAX EVANS
AND DONNA REYNOLDS EVANS
_____ ("Borrower") whose mailing address is   408 MEYERS BEND RD., JONESVILLE, LA  71343
_____ . This instrument is given to the United States of America acting
through the Farm Service Agency, United States Department of Agriculture ("Government") located at   3545 FOURTH STREET,
JONESVILLE, LA  71343

This instrument secures the following promissory notes, assumption agreements, and/or shared appreciation agreements (collectively called "note"),
which have been executed or assumed by the Borrower unless otherwise noted, are payable to the Government, and authorize acceleration of the
entire debt upon any default:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| 5-12-2011 | 162,133.21 | 2.5 | 01/01/2026 |
| 5-12-2011 | 69,869.86 | 3.75 | 01/01/2026 |
| 5-12-2011 | 16,236.94 | 3.75 | 01/01/2026 |
| 5-12-2011 | 132,737.87 | 2.5 | 01/01/2026 |

(The interest rate for any limited resource farm ownership or limited resource operating loans secured by this instrument may be increased as
provided in Government regulations and the note.)

By execution of this instrument, Borrower acknowledges receipt of all of the proceeds of the loan or loans evidenced by the above note.

This instrument secures to the Government:  (1) payment of the note and all extensions, renewals, and modifications thereof; (2) recapture of any
amount due under any Shared Appreciation Agreement entered into pursuant to 7 U.S.C. § 2001; (3) payment of all advances and expenditures, with
interest, made by the Government; and  (4) the obligations and covenants of Borrower set forth in this instrument, the note, and any other loan
agreements.

In consideration of any loan made by the Government under the Consolidated Farm and Rural Development Act, 7 U.S.C. § 1921 et seq. as
evidenced by the note, Borrower irrevocably mortgages, grants, conveys and assigns to Government the following described property situated in the
State of Louisiana County or Counties of   CATAHOULA                                                                     :

See attached Exhibit A for legal description.

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, fixtures, hereditaments,
appurtenances, and improvements now or later attached thereto, the rents, issues and profits thereof, revenues and income therefrom, all water, water
rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, or condemnation of
any part thereof or interest therein (collectively called "the property").  This instrument constitutes a security agreement and financing statement
under the Uniform Commercial Code and creates a security interest in all items which may be deemed to be personal property, including but not
limited to proceeds and accessions, that are now or hereafter included in, affixed, or attached to "the property."

Borrower COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the property
and that the property is unencumbered, except for encumbrances of record.  Borrower warrants and will defend the title to the property against all
claims and demands, subject to any encumbrances of record.

This instrument combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a
uniform mortgage covering real property.

Initial _____ date _5-12-11_

FSA-1927-1 LA (09-21-05) *Page 1 of 4*

Exhibit A

That certain 10.0 acre tract or parcel of land lying and being situated entirely in Section 23, Township 9 North, Range 6 East, Louisiana Meridian, District North of Red River, Catahoula Parish, Louisiana, more particularly described as follows:

Beginning at a point on the South line of properties owned now or formerly by Lilly F. Smith, said tract lying East of Louisiana Highway 124 and entirely in said Section 23, which point is 90 feet right of centerline station 140+55.31 on SPN 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, FAP Br-581-1(007), Bushley Bayou Bridge and approaches and on a point on a curve having the following R/W curve data: chord definition equals North 3 degrees, 47 minutes, 50 seconds West, 246.48 feet; radius equals 2864.79 feet; arc equals 246.56 feet, run North along said arc, a distance of 246.56 feet to a point which is 90 feet right of centerline station 143+00.00; thence run North 2 degrees, 42 minutes, 21 seconds East, a distance of 96.90 feet to a point which is 95 feet right of centerline station 144+00.00; thence run along a curve having a chord definition of North 3 degrees, 29 minutes, 04 seconds East, a distance of 164.53 feet to a 3/4" iron pipe set in place; thence run North 89 degrees, 54 minutes, 44 seconds East, a distance of 855.10 feet to a 3/4" iron pipe set in place; thence run South 00 degrees, 16 minutes, 16 seconds West, a distance of 507.02 feet to a 3/4" iron pipe set in place; thence run South 89 degrees, 54 minutes, 44 seconds West, a distance of 850.00 feet to the POINT OF BEGINNING.

Together with all buildings and improvements situated thereon, all rights, ways and privileges thereunto belonging.

This property is (is not) the family home.

GME
DRE 5-12-11

286                RD 1927-1 LA (Rev. 11-99) Page 2 of 4

UNIFORM COVENANTS.  Borrower COVENANTS AND AGREES as follows:

1. **Payment**. Borrower shall pay promptly when due any indebtedness to the Government secured by this instrument.
2. **Fees**. Borrower shall pay to the Government such fees and other charges that may now or later be required by Government regulations.
3. **Application of payments**. Unless applicable law or Government's regulations provide otherwise all payments received by the Government shall be applied in the following order of priority:  (a) to advances made under this instrument; (b) to accrued interest due under the note; (c) to principal due under the note; (d) to late charges and other fees and charges.
4. **Taxes, liens, etc.** Borrower shall pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property and promptly deliver to the Government without demand receipts evidencing such payments.
5. **Assignment**. Borrower grants and assigns as additional security all the right, title and interest in: (a) the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or taking by eminent domain or otherwise of any part of the property, or for conveyance in lieu of condemnation; (b) all bonuses, rentals, royalties, damages, delay rentals and income that may be due or become due and payable to the Borrower or Borrower's assigns under any existing or future oil, gas, mining or mineral lease covering any portion of the property; and  (c) all rents, issues, profits, income and receipts from the property and from all existing or future leases, subleases, licenses, guaranties and any other agreements for the use and occupancy of any portion of the property, including any extensions, renewals, modifications or substitutions of such agreements.  Borrower warrants the validity and enforceability of this assignment.

Borrower authorizes and directs payment of such money to the Government until the debt secured by this instrument is paid in full.  Such money may, at the option of the Government, be applied on the debt whether due or not.  The Government shall not be obligated to collect such money, but shall be responsible only for amounts received by the Government.  In the event any item so assigned is determined to be personal property, this instrument will also be regarded as a security agreement.

Borrower will promptly provide the Government with copies of all existing and future leases.  Borrower warrants that as of the date of executing this instrument no default exists under existing leases.  Borrower agrees to maintain, and to require the tenants to comply with, the leases and any applicable law.  Borrower will obtain the Government's written authorization before Borrower consents to sublet, modify, cancel, or otherwise alter the leases, or to assign, compromise, or encumber the leases or any future rents.  Borrower will hold the Government harmless and indemnify the Government for any and all liability, loss or damage that the Government may incur as a consequence of this assignment.

6. **Insurance**. Borrower shall keep the property insured as required by and under insurance policies approved by the Government and, at its request, deliver such policies to the Government.  If property is located in a designated flood hazard area, Borrower also shall keep property insured as required by 42 U.S.C. § 4001 et seq. and Government regulations.  All insurance policies and renewals shall include a standard mortgagee clause.
7. **Advances by Government**. The Government may at any time pay any other amounts required by this instrument to be paid by Borrower and not paid by Borrower when due, as well as any cost for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower.  Advances shall include, but not be limited to, advances for payments of real property taxes, special assessments, prior liens, hazard insurance premiums, and costs of repair, maintenance, and improvements.  All such advances shall bear interest at the same rate as the note which has the highest interest rate.  All such advances, with interest, shall be immediately due and payable by Borrower to the Government without demand.  No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay.  Any payment made by Borrower may be applied on the note or any secured debt to the Government, in any order the Government determines.
8. **Protection of lien**. Borrower shall pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and its priority and the enforcement of or compliance with this instrument and the note.  Such expenses include, but are not limited to: costs of evidence of title to, and survey of, the property, costs of recording this and other instruments; attorneys' fees, trustees' fees; court costs, and expenses of advertising, selling, and conveying the property.
9. **Authorized purposes**. Borrower shall use the loan evidenced by the note solely for purposes authorized by the Government.
10. **Repair and operation of property**. Borrower shall: (a) maintain improvements in good repair; (b) make repairs required by the Government;  (c) comply with all farm conservation practices and farm management plans required by the Government; and (d) operate the property in a good and husbandlike manner.  Borrower shall not (e) abandon the property; (f) cause or permit waste, lessening or impairment of the property; or (g) cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals without the written consent of the Government, except as necessary for ordinary domestic purposes.
11. **Legal compliance**. Borrower shall comply with all laws, ordinances, and regulations affecting the property.
12. **Transfer or encumbrance of property**.  Except as provided by Government regulations, the Borrower shall not lease, assign, sell, transfer, or encumber, voluntarily or otherwise, any of the property without the written consent of the Government.  The Government may grant consents, partial releases, subordinations, and satisfactions in accordance with Government regulations.
13. **Inspection**. At all reasonable times the Government may inspect the property to ascertain whether the covenants and agreements contained in this instrument are being performed.
14. **Hazardous substances**. Borrower shall not cause or permit the presence, use, disposal, storage, or release of any hazardous substances on or in the property.  The preceding sentence shall not apply to the presence, use, or storage on the property of small quantities of hazardous substances that are generally recognized to be appropriate to normal use and maintenance of the property.  Borrower covenants that Borrower has made full disclosure of any such known, existing hazardous conditions affecting the property.  Borrower shall not do, nor allow anyone else to do, anything affecting the property that is in violation of any federal, state, or local environmental law or regulation.  Borrower shall promptly give the Government written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the property and any hazardous substance or environmental law or regulation of which Borrower has actual knowledge.  If Borrower

Initial _SCC_ date _5-12-11_

FSA-1927-1 LA (09-21-05) *Page 2 of 4*

learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any hazardous substance affecting the property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with applicable environmental law and regulations. As used in this paragraph, "hazardous substances" are those substances defined as toxic or hazardous substances by environmental law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "environmental law" means Federal laws and regulations and laws and regulations of the jurisdiction where the property is located that relate to health, safety or environmental protection.

15. **Adjustment; release; waiver; forbearance.** In accordance with Government regulations, the Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on the note, (d) release any party who is liable under the note from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all of this can and will be done without affecting the lien or the priority of this instrument or Borrower's liability to the Government for payment of the note secured by this instrument unless the Government provides otherwise in writing. HOWEVER, any forbearance by the Government - whether once or often - in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

16. **Graduation.** If the Government determines that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such a loan in sufficient amount to pay the note secured by this instrument and to pay for stock necessary to be purchased in a cooperative lending agency in connection with such loan.

17. **Forfeiture.** Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in the Government's good faith judgment could result in forfeiture of the property or otherwise materially impair the lien created by this instrument or the Government's security interest. Borrower may cure such default by causing the action or proceeding to be dismissed with a ruling that precludes forfeiture of the Borrower's interest in the property or other material impairment of the lien created by this security instrument or the Government's security interest.

18. **False statement.** Borrower also shall be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to the Government (or failed to provide the Government with any material information) in connection with the loan evidenced by the note.

19. **Cross Collateralization.** Default under this instrument shall constitute default under any other security instrument held by the Government and executed or assumed by Borrower. Default under any other such security instrument shall constitute default under this instrument.

20. **Highly erodible land; wetlands.** Any loan secured by this instrument will be in default if Borrower uses any loan proceeds for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 C.F.R. part 1940, subpart G, or any successor Government regulation.

21. **Non-discrimination.** If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, disability, familial status or age, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, disability, familial status or age.

22. **Notices.** Notices given under this instrument shall be sent by certified mail unless otherwise required by law. Such notices shall be addressed, unless and until some other address is designated in a notice, in the case of the Government to the State Executive Director of the Farm Service Agency at the mailing address shown above, and in the case of Borrower at the address shown in the Government's Finance Office records (which normally will be the same as the mailing address shown above).

23. **Governing law; severability.** This instrument shall be governed by Federal law. If any provision of this instrument or the note or its application to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of this instrument or the note which can be given effect without the invalid provision or application. The provisions of this instrument are severable. This instrument shall be subject to the present regulations of the Government, and to its future regulations not inconsistent with the express provisions hereof. All powers and agencies granted in this instrument are coupled with an interest and are irrevocable by death or otherwise; and the rights and remedies provided in this instrument are cumulative to remedies provided by law.

24. **Successors and assigns; joint and several covenants.** The covenants and agreements of this instrument shall bind and benefit the successors and assigns of Government and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this instrument but does not execute the Note: (a) is co-signing this instrument only to mortgage, grant and convey that Borrower's interest in the property under this instrument; (b) is not personally obligated to pay the sums secured by this instrument; and (c) agrees that the Government and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this instrument or the note without that Borrower's consent.

25. **No merger.** If this instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the property, the leasehold and the fee title shall not merge unless the Government agrees to the merger in writing. If the property is conveyed to the Government, title shall not merge (unless the Government elects otherwise) and the lien provided under this instrument shall not be affected by such conveyance.

26. **Time is of the essence.** Time is of the essence in the Borrower's performance of all duties and obligations under this instrument.

Initial _____ date _____

FSA-1927-1 LA (09-21-05) *Page 3 of 4*

NON-UNIFORM COVENANTS.  Borrower further COVENANTS AND AGREES as follows:

27.  **Default; death; incompetence; bankruptcy.**  Should default occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the Borrower die or be declared incompetent, or should the Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any debt to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of, and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument and sell the property as prescribed by law; and (e) enforce any and all other rights and remedies provided herein or by present or future law.

28.  **State law.**  Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of any action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest it may charge, as a condition of approving a transfer of the property to a new Borrower.  Borrower expressly waives the benefit of any such State laws.

29.  **Assignment of leases and rents.**  Borrower agrees that the assignment of leases and rents in this instrument is immediately effective on the recording of this instrument.  Upon default, the Borrower will receive any rents in trust for the Government, and Borrower will not commingle the rents with any other funds.  Any amounts collected shall be applied at the Government's discretion first to costs of managing, protecting and preserving the property, and to any other necessary related expenses.  Any remaining amounts shall be applied to reduce the debt evidenced by the note(s).  Borrower agrees that the Government may demand that Borrower and Borrower's tenants pay all rents due or to become due directly to the Government if the Borrower defaults and the Government notifies Borrower of the default.  Upon such notice, Borrower will endorse and deliver to the Government any payments of rents.  If the Borrower becomes subject to a bankruptcy, then Borrower agrees that the Government is entitled to receive relief from the automatic stay in bankruptcy for the purpose of enforcing this assignment.

30.  **Application of foreclosure proceeds.**  The proceeds of foreclosure sale shall be applied in the following order to the payment of:  (a) costs and expenses incident to enforcing or complying with this instrument, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all other debt to the Government secured by this instrument, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other debt of Borrower to the Government, and (f) any balance to Borrower. If the Government is the successful bidder at foreclosure or other sale of all or any part of the property, the Government may pay its share of the purchase price by crediting such amount on any debts of Borrower owing to the Government in the order prescribed above.

By signing below, Borrower accepts and agrees to the terms and covenants contained in this instrument and in any rider executed by Borrower and recorded with this instrument.

State of Louisiana
Parish of Catahoula
I hereby certify that this is a true copy of the 5
page original instrument filed in this office at
4:03 P. M   5-12- 2011
Registry No 270922   and recorded in
MOB Book No. 212 Page No. 812 and
Book No.   Page No.
Given under my hand and seal this
12th day of May 2011
Clerk & Ex-Officio Recorder

GEORGE MAX EVANS
Borrower

DONNA REYNOLDS EVANS
Co-Borrower

WITNESSES:

GME.
Initial DRE date 5-12-11

NOTARY PUBLIC
Shelli Mason #63567

FSA-1927-1 LA (09-21-05) *Page 4 of 4*

265802

FILED AND RECORDED
CATAHOULA PARISH, LA
MCB   BOOK 52 PAGE 161
BOOK _____ PAGE _____
_____ _____ /DY

2008 DEC -3  A 10: 16

This form is available electronically.
**FSA-2470**
(12-31-07)

**U.S DEPARTMENT OF AGRICULTURE**
Farm Service Agency

Position 1 (Chattels)
Position 5 (Real Estate)

265802

## PARTIAL RELEASE

1. The United States of America, as owner and holder of the following-described lien instruments, made and executed by *(a)*   George M. Evans and Donna Evans                                                  of
*(b)*   of 408 Meyers Bend Rd.

*(Post-Office Address)*

Jonesville, La.                                   , County of *(c)*   Catahoula                              , State of
*(d)*                                   , filed or recorded in the *(e)*   Catahoula Clerks          office of
*(f)*   office                                   County, State of *(g)*   Lousiaina                        , to wit:

| *(h)* Lien Instrument | *(i)* Mortgagee | *(j)* Date of Instrument | *(k)* Date Filed | *(l)* Document, File or Book No. | | *(m)* Page No. |
|---|---|---|---|---|---|---|
| Real Estate Mortgage | Usda,FSA | 06/19/2002 | 06/19/2002 | 249837 | 830 | |
| Real Estate Mortgage | USDA,FSA | 06/10/1999 | 06/10/1999 | 242288 | 738 | |
| Real Estate Mortgage | USDA,FSA | 06/20/2007 | 06/20/2007 | 262122 | 285 | |

for value received does release from the lien of said instruments the **following-described property:** *(n)*

See Attached

**161**

*Exhibit 3*

FSA-2470 (12-31-07) Page 2

2. **Only the above-described property** is released from the lien of the aforesaid instruments. This release shall not affect or modify the obligations secured by those lien instruments, and these obligations shall continue in force and effect until fully paid, satisfied, and discharged.

**IN WITNESS WHEREOF,** the United States of America has signed this form on the *(a)* _____ 24 _____

day of *(b)* ___ November _____ , *(c)* ___ 2008 ___ .

UNITED STATES OF AMERICA
U. S. DEPARTMENT OF AGRICULTURE

WITNESSES: *(d)* Margaret Ann Price    By: *(f)* _____

WITNESSES: *(e)* _____    Title: *(g)* ___ Farm Loan Manager ___
FARM SERVICE AGENCY

## ACKNOWLEDGMENT

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Director, Office of Civil Rights, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, or call (800) 795-3272 (voice) or (202) 720-6382 (TDD).  USDA is an equal opportunity provider and employer.

**162**

*Legal Description for:*

GEORGE EVANS

That certain piece, parcel or tract of land containing 2.556 acres, lying and being situated entirely in Section 23, T9N-R6E, Louisiana Principal Meridian Land District North of Red River, Catahoula Parish, Louisiana, being more particularly described as follows:

COMMENCING at a ¾" iron pipe on the East right-of-way of La. Hwy. 124, which point is 90 feet right of centerline station 140+55.31 on State Project Number 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, said point is also on the South line of properties owned formerly by Ms. Lilly Ford Smith in Section 23, T9N-R6E,
RUN N03°47'50"W along said right-of-way, 245.51 feet to a ½" iron rod and the POINT-OF-BEGINNING;
THENCE CONTINUE N03°47'50"W along said right-of-way, 0.97 feet;
THENCE RUN N02°'42'21"E along said right-of-way, 96.90 feet;
THENCE RUN N03°03'37"E along said right-of-way, 164.88 feet to a ¾" iron pipe found at a point 95 feet right of centerline station 144+00.00 on State Project Number 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;
THENCE RUN N89°56'18"E, 413.62 feet to a ½" iron rod;
THENCE RUN S03°14'38"E, 258.51 feet to a ½" iron rod;
THENCE RUN S89°23'02"W, 441.59 feet to the POINT-OF-BEGINNING.

All the above is shown more clearly on and made subject to that certain plat of survey by TRC Engineers Inc., Mark H. Tooke, PLS 4722, dated April 2, 2008, bearing Project No. 158402 for a more particular identification thereof.

April 18, 2008

By _____
Mark H. Tooke, PLS 4722

**163**

